## ANONYMOUS.

The Revised Statutes, 1849, chap. 84, § 111, provided that a party appealing in a chancery cause should give bond to the adverse party, with good security, in such sum as the judge of the circuit court should order; held, that a court commissioner appointed by the circuit judge under sec. 75, chap. 10, has not power to make the order fixing the amount of the bond. *Semble*, that sec. 5, chap. 131, gives this power to a county judge.

The following opinion by the late Chief Justice, was found among his papers and placed on file, after his death. The importance of the point decided has induced its report; although in what case it was made does not appear from the MS. opinion.

*By the Court*, WHITON, C. J. The motion to dismiss the appeal in this case is sought to be sustained by the fact that no order has been made by the judge, who made the order appealed from, fixing the amount of the appeal bond; and by the fact that no notice was given of the application for the order; and by the fact that the appeal has not been taken in the name cf the parties to the suit; and by the further fact that the proper bond has not been given.

It appears that the order fixing the sum in which the bond should be given was made by a court commissioner, and that no notice was given to the appellee or his solicitor of the application for the order. The statute (Rev. Stat. [1849] chap. 84, § 111), provided that the party appealing, shall give bond to the adverse party, with good security, in such sum as the judge of the circuit court shall order, &c.

It is contended that commissioners have no power given

them by statute to perform the act which was done by the commissioner in the instance before us, All the power granted to these officers is contained in sec. 75 of chap. 10 of the Revised Statutes, [1849.] This section of the statutes is as follows: "The circuit judges in each of the judicial circuits within the State may appoint in each of the organized counties in their respective circuits, a court commissioner, who shall hold his office for two years from the time of his appointment, unless removed by such judge. Such commissioner shall have power to issue subpœnas for witnesses to come before him, and to issue attachments and other necessary process to compel their attendance in case of disobedience thereof; to administer oaths, and to take depositions and testimony in cases of law or in equity, and to return and report such depositions and testimony to the court having jurisdiction of such cases; to allow writs of attachment and certiorari; and in civil actions may determine upon the amount and sufficiency of bail, in cases in which bail is required by law; to tax costs in cases at law or in equity; and to do such other things as are required by the court, or as are necessary and proper for the full exercise of the powers hereby granted."

A very great distinction has been made by the legislature between the powers of these officers when appointed by circuit judges, and when they become commissioners by virtue of an election to the office of judges of probate. Section 5 of chapter 131 of the Revised Statutes, provides that "the judge of probate in each organized county, or the person having probate jurisdiction, shall act as a court commissioner, and shall have, and may exercise the power of a judge of the circuit court at chambers," &c. It seems clear that this power is given only to such of these officers as fill the office of judge of probate, or as have probate jurisdiction. Why the legislature made the distinction it is perhaps useless to enquire. If the commissioner who made the order fixing the amount

in which the appeal bond should be given in this case, had been a judge of probate, or had probate jurisdiction as county judge, the question which would be presented would be very different from the one which is now to be decided; we should be called upon to decide whether the power which is in terms given to him to exercise the power of a circuit judge at chambers comprehended the power to make the order. But in the present case the question does not arise. We are called upon to decide merely, whether the power to make the order is conferred by section 75 of chapter 10 of the Revised Statutes above recited. And it seems very clear that it is not.

No general power is given to this officer except "to do such other things as are required by the court, or as are necessary and proper for the full exercise of the powers granted to" him. I do not think that the power to make the order in question can be contained in this general power, except perhaps in cases where the matter is referred to him by the court. In such a case he may have the power to determine the sum in which the bond shall be given, though in such cases probably his decision would be subject to review by the judge. It seems equally clear, that the power to make the order is not specified in the section of the Revised Statutes in question. The only specified power there given, which has any very close analogy to the one exercised by the commissioner, is the power to determine upon the amount and sufficiency of bail in civil actions, in cases in which bail is required by law. This power cannot, we think, be considered as authorizing the making of this order by the commissioner. It merely authorizes him to determine upon the amount and sufficiency of bail.

The counsel for the appellee contended at the argument that rule 3 of this court, was entirely incompatible with the possession of the power to make the order by the commissioner. That rule provided that in appeals from inter-

locutory orders, the clerk of the circuit court in which the order appealed from was made, shall transmit to this court such papers and, docket entries, or copies thereof, as in the opinion of the circuit judge may be necessary. I see nothing in this rule which prevents the commissioner from making the order. Admitting that the commissioner cannot designate the papers, &c., which shall be sent to this court; still the act of the commissioner which was performed in this case is quite distinct from and independent of it. The two acts have no necessary connection, one may be performed by one officer and the other by another.